Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> RLC AESTHETICS, A PROFESSIONAL NURSING CORPORATION, individually and d/b/a "Becka Botox," a California Corporation; REBECKA COOPERMAN, an individual, d/b/a "Becka Botox;" and DOES 1-10, <br><br> Defendants. | Case No. **'25CV2733 JO   VET** <br><br> PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> Jury Trial Demanded |

Plaintiff August Image, LLC hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. August is a New York limited liability company with its principal place of business located in New York, NY. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive licensing agent and syndicator of the photographs at issue in this case, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant RLC Aesthetics, A Professional Nursing Corporation, individually and doing business as "Becka Botox" ("RLC AESTHETICS") is a corporation organized and existing under the laws of the state of California with a principal place of business located at 16320 Streamwood Ct, San Diego, CA 92127.

6. Upon information and belief, Defendant Rebecka Cooperman d/b/a "Becka Botox" ("COOPERMAN") is an individual residing in San Diego, CA.

7. Upon information and belief, RLC AESTHETICS, together with COOPERMAN, own, operate, and/or control Becka Botox, a spa with offices at 12895 Paseo Village Way, Suite 1240, San Diego, CA 92130 and 8127 La Mesa Blvd, Suite #308, La Mesa, CA 91942, as well as the commercial website for Becka Botox, beckabotox.com and its related/affiliated subdomains, mobile websites, and applications, including instagram.com/beckabotox (altogether, "Defendants' Website").

8. Upon information and belief, Defendants DOES 1-10 (together with RLC AESTHETICS and COOPERMAN, "Defendants") are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of

the asserted copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

9. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPH

10. August is the exclusive licensing agent and syndicator of an original photograph registered with the U.S. Copyright Office (the "Subject Photograph"). As such, August has standing to pursue infringement claims over the alleged unauthorized use of the Subject Photograph under 17 U.S.C. § 501(b).

11. Following publication and display of the Subject Photograph, Defendants, and each of them, exploited the Subject Photograph without August's authorization for commercial purposes on Defendants' Website (the "Accused Post"):

/ / /

/ / /



12. To the extent Defendants exploited the Accused Post (and/or any/all other copies of the Subject Photograph) more than three years before the date of this pleading, August did not know, and had no reason to know, of such exploitation(s).

13. In July 2025, August sent correspondence to Becka Botox demanding that it cease and desist from its unauthorized use of the Subject Photograph and provide information regarding that use to explore an amicable resolution to this dispute. Becka Botox did not respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

14. Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's and/or the photographer's websites, social media accounts, profile, exhibitions, or authorized licensees; viewing the Subject Photograph on third-party websites or Internet search engines; and/or because the Accused Post is a verbatim copy of, and thus strikingly similar to, the Subject Photograph.

15. Defendants, and each of them, exploited the Subject Photograph for commercial purposes on Defendants' Website without Plaintiff's authorization.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

18. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, Plaintiff's rights such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working with or on behalf of Defendants and/or their agents, be enjoined from further exploiting the Subject Photograph in any manner absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to the infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 14, 2025                    DONIGER / BURROUGHS

                                    By:   /s/ *Stephen M. Doniger*
                                          Stephen M. Doniger, Esq.
                                          Benjamin F. Tookey, Esq.
                                          *Attorneys for Plaintiff*